# Wyss-Thalman v. Beaver Valley Brewing Company, Appellant.

*Corporation—Minutes—Proof of minutes—Evidence.*

Ordinarily the minutes of a corporation are proven by the identification of the minute book by the secretary of the company at the time of the trial, but where it is shown that the book was never in the possession of the person who was secretary at the time of the trial and an explanation is given as to why the book was not brought into court in the regular way, the book may be admitted in evidence with proper cautionary instructions to the jury in relation to it.

*Corporations—Minutes—Meetings—Contract.*

Where a person relying upon the minutes of a corporation enters into a contract with the company, and renders services and makes expenditures under the contract, the company cannot relieve itself from liability because the meeting of the directors at which the resolution was passed had not been legally called, if it appears that the party making the contract had no knowledge of the illegality of the meeting.

Argued Oct. 23, 1907. Appeal, No. 87, Oct. T., 1907, by defendant, from judgment of C. P. Beaver Co., Dec. T., 1905, No. 378, on verdict for plaintiff in case of F. L. Wyss-Thalman v. Beaver Valley Brewing Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit for services.

At the trial the jury returned a verdict for plaintiff for $1,695.89. Defendant appealed.

The court entered judgment on the verdict, HOLT, P. J., filing the following opinion :

Upon the argument of the motion, counsel for the defendant took two positions why the motion should prevail, one that the minute book offered in evidence by the plaintiff should not have been received in evidence, on the ground that the same was not brought into court and identified by the person who was secretary of the defendant company at the time of the trial, and, second, for the reason that P. J. Huth, who was a member of the board of directors and secretary of the company

at the time the resolution upon which the plaintiff relies was passed, was not present at the meeting when said resolution purports to have been adopted, and that he had no prior notice of such meeting.

From the testimony taken upon the trial, it appears that P. J. Huth was elected secretary of the defendant company at the first meeting of the board of directors, on August 17, 1902, and that he continued at least the nominal secretary up until March 3, 1903, when he was succeeded as secretary by L. Thumm.

From the testimony it appears that P. J. Huth as secretary and member of the board of directors, according to his own evidence, attended but two meetings of the board, one when the board was organized, and the other in the year 1903, when the capital stock of the company was increased to $400,000, and that at the meetings he attended he kept the minutes on slips of paper, which he turned over to the president of the board immediately thereafter, and the same were transcribed into the minute book which the plaintiff has brought into court by L. Thumm, who signed the same " P. J. Huth, per Th."; that at all the meetings of the board, save the two meetings last above mentioned, L. Thumm acted as secretary pro. tem. until he was elected the regular secretary of the board, and kept and recorded all of the minutes except those of one meeting, which, in his absence, were kept by Thomas C. Fry. After L. Thumm was elected secretary of the company, according to his testimony, and it seems to be undisputed, he continued to keep the minutes of the meetings of the board of directors in the same minute book, being the one offered by the plaintiff in this action. This book, according to the testimony, contains, among other matters, the minutes relative to the increase of the capital stock of the defendant company to $400,000, and it likewise contains the minutes of the meeting held on November 18, 1902, at which time a contract for the erection of the brewery was authorized and let, at the contract price of $281,350. L. Thumm continued to act as secretary of the company until some time in the month of October, 1904, when his successor was elected. From the evidence it appears that there were two rival factions in the brewing company, and that those who received the greater number of votes at

the October election, 1904, were not recognized by one of the factions, and that since that time litigation has been in progress for the purpose of requiring the former officers, including the said L. Thumm, to turn over the minute book and other books and papers of the corporation to their successors in office, and which said litigation at the time of the trial in this case was yet pending. L. Thumm has testified that in the month of October, 1904, he turned the minute book in question over to the corresponding secretary, the plaintiff in this action; that during the time he acted as secretary pro. tem. and as secretary of the company, he kept the said minute book at the office of the defendant company in Pittsburg, in the company's safe.

Fannie L. Wyss-Thalman, the plaintiff in this suit, has testified to the fact that the minute book was turned over to her by L. Thumm in October, 1904, and that she placed the same in the safe of the company, in the company's office in the city of Pittsburg, where it has been kept ever since, the key of the safe remaining in her possession. L. Thumm has testified that he recorded the minutes correctly, and that they are all in his handwriting save the minutes of one meeting, which were kept by Thomas C. Fry; that he has examined the book, and identifies it as the book in which he kept the minutes, and says that no alterations or changes, whatsoever, have been made in the minutes since the same were written by him. The plaintiff has testified that the minute book and the minutes therein remaining are the same as they were when the book was turned over to her in October, 1904.

Ordinarily the minutes of a corporation are proven by the identification of the minute book by the secretary of the company at the time of the trial. The book in question was never in the possession of the person who was the secretary of the defendant company at the time of the trial. The plaintiff has offered evidence to show the reason why the book did not come into court in the regular way, to wit: that there was a dispute as to who was the lawful custodian of the minute book, and that there was litigation pending concerning such matter. The defendant has not denied the fact of the existence of such dispute, and no officer or stockholder of the company has denied the fact that the said book is the minute book of the defendant company.

At the trial we were of the opinion that under the evidence in the case it was our duty to submit the question to the jury; and we instructed them that the minute book came before them under circumstances of suspicion, the book not having been produced and identified by the person who was the secretary of the company at the time of the trial, and that the burden rested upon the plaintiff to prove by clear and satisfactory evidence that this book was, in fact, the minute book of the defendant company, and that the minute upon which the plaintiff relied for recovery was the minute of the board of directors of said company.

The resolution upon which the plaintiff relies for a recovery of the greater part of her claim is as follows: "November 18, 1902. In accordance with the previous resolution the board of directors of the Beaver Valley Brewing Company met this Tuesday, November 18, 1902, in their office, in the Bissell Block, at 5:30 P. M., all directors being present except P. J. Huth, V. Wyss-Thalman presiding. The minutes of the previous meeting, held November 11, 1902, were read and approved. Motion made and duly seconded that Miss Fannie L. Wyss-Thalman be engaged as corresponding secretary at fifteen dollars per week, commencing from date, November 18, 1902. Carried." This resolution appears to have been passed at the same meeting when the contract for the erection of the brewery of the defendant company was authorized.

The plaintiff's claim is for $1,496.37, being for $22.07 for moneys alleged to have been expended for receipt books, stationery, postage stamps, etc., for the defendant company, and for ninety-eight weeks and two days' services, which she alleges she performed in pursuance of the resolution aforesaid, amounting to $1,474.30.

In view of the testimony, the jury evidently found that the book produced and offered in evidence by the plaintiff was, in fact, the minute book of the defendant company, and that the resolution upon which the plaintiff relied was passed by its board of directors, and that the expenditures were made and the services rendered as contended for by the plaintiff.

It is the law that action taken by any number of the members of the board of directors of a corporation, except at regular stated meetings, is not binding unless absent members have

had reasonable notice beforehand of such meeting, and if it be a meeting for a special matter, also notice of the purpose of the meeting. And one with knowledge or notice of the fact that a meeting of the board of directors was held without authority of law, cannot recover in a case where he has to depend for his recovery upon the action taken at such meeting. A corporation, however, will be estopped from denying the validity of its minutes, where one without notice or knowledge of the irregularity has entered into a contract with the corporation on faith of the minutes of its board of directors, and in good faith parted with his property, or rendered services of which the corporation received the benefit. In the case of Manhattan Hardware Co. v. Roland, 128 Pa. 119, Mr. Justice McCollum, in delivering the opinion of the Supreme Court, among other things, said: "In February, 1886, Roland, in good faith, loaned to the Manhattan Hardware Company $15,000 upon bond and mortgage. The mortgage was duly executed under the seal of the corporation, and was promptly recorded. It recites a resolution which appears upon the minutes of the corporation, authorizing it. The money secured by it was received by the company and used for its benefit. It is not alleged that any stockholder was ignorant of these transactions, or protested against them. The corporation cannot deny the accuracy of its own minutes as against a party who loaned it money on the faith of them."

In the present case the evidence shows that P. J. Huth, one of the directors, was not at the meeting of the board of directors when the resolution upon which the plaintiff relies was passed, and that he did not have any prior notice of such meeting. There is no evidence that prior to the time of the passage of the resolution in question, the plaintiff in this action was in the employ of the defendant company in any capacity, or that it was her business to give notice to members of the board of directors, or to any stockholder or officer of the company in relation to any matter whatsoever. There is no evidence upon the record that the plaintiff had any knowledge or notice of the fact that P. J. Huth did not have sufficient and proper notice of the meeting of the board of directors at which the resolution upon which she relies was passed. Under the law, we do not think that it was her duty to make an investigation,

before entering upon the performance of her duties, to ascertain whether or not everything had been done by the officers of the defendant company to constitute a lawful directors' meeting. Prior to the time of entering upon her employment she could have no concern with the minutes of the board of directors, and even after her employment the minutes of the meetings of the board of directors were such matters as were not under her control. She was justified in relying upon the validity of the resolution, without investigation. In the case of Manhattan Hardware Co. v. Phalen, 128 Pa. 110, it was held that where the mortgage of a manufacturing corporation, executed under the corporate seal, reciting a resolution of the directors that it was unanimously authorized by the stockholders, the affidavit of defense to a scire facias thereon, averring that the mortgage was not authorized by the stockholders, and that no stockholders' meeting had been called upon the subject, was insufficient to prevent summary judgment.

In the last mentioned case it was held that Phalen was not bound to inquire into the regularity of the proceedings leading up to the making of the mortgage, and that inasmuch as the company received Phalen's money and got the benefit of it, the hardware company was estopped from denying the validity of the mortgage. In the present case, the jury evidently found that the plaintiff rendered the services for which she brought her suit; and as she was not required to look beyond the resolution employing her, we are of the opinion that the fact that P. J. Huth did not attend the meeting, and had no notice thereof, will not avail the defendant by way of defense to this action.

*Error assigned* was in not entering judgment for defendant non obstante veredicto.

*Wm. A. McConnel*, with him *James H. Cunningham* and *Wm. H. Cox*, for appellant.

*J. F. Reed*, for appellee, was not heard.

Per Curiam, November 14, 1907:
The judgment is affirmed on the opinion of the court below.